IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**U.S. Magistrate Judge S. Kato Crews**

Civil Action No. 18-cv-02514-WJM-SKC

YOUSSEF MOUDDEN,

    Plaintiff,

v.

THE UNIVERSITY OF COLORADO BOULDER, through its Board, The
Regents of the University of Colorado, a body corporate,
PHILIP DISTEFANO, in his official capacity,
JEFFREY FORBES, in his official capacity,
JOHN CASSANO, in his official and individual capacities,
CORA RANDALL, in her official and individual capacities, and
MELISSA NIGRO, in her official capacity,

    Defendants.

___

**MINUTE ORDER**
___

    This Order addresses Plaintiff Youssef Moudden's Motion to Restrict the Proposed Scheduling Order [#20] and the Scheduling Order [#25] ("Motion"), filed on July 1, 2019. The Motion is unopposed.[1] [#51 at p. 1.] In accord with D.C.COLO.L.CivR 7.2(d), Eugene Volokh, a professor at UCLA School of Law, timely filed an objection to the Motion in his personal capacity and not as a professor at the law school. [#54.] Professor Volokh argues that he "would like to write about the case, but would be limited in doing so if access were restricted and case documents were thus effectively sealed (whether entirely or partly)." [#54 at pp.1-2.] The Court has considered the Motion, Mr. Volokh's objection, the docket entries, and applicable law. No hearing is necessary.

    The fact the Motion is unopposed does not in and of itself justify restriction because the right to access documentation is owed to the public. D.C.COLO.LCivR 7.2(c)(2); *See Preeson v. Parkview Med. Ctr., Inc.*, No. 15-CV-02263-MSK-KMT, 2017 WL 1197298, at *16 (D. Colo. March 30, 2017). Moreover, the presence or lack of objection to a motion to restrict is not alone sufficient to deny or grant such a motion. D.C.COLO.L.CivR 7.2(d).

---

[1] The Court liberally construes the Motion because Moudden is *pro se*. *Cf. Anderson v. Raemisch*, No. 14-CV-02563-GPG, 2015 WL 161298, at *1 (D. Colo. Jan. 13, 2015)

1

A motion to restrict is instead determined in light of preserving the public's right to access court documents. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). There is a strong presumption of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, documents filed with the court are presumptively available to the public. *Bush v. Catholic Health Initiatives Colorado*, 18-CV-03184-PAB-KMT, 2019 WL 4306194, at *1 (D. Colo. Sept. 11, 2019). This strong presumption of public access exists to hold courts accountable and to provide insight into the court's decision-making process. *Preeson*, 2017 WL 1197298, at *15. The presumption of public access is only outweighed when a party's interests require nondisclosure. *McVeigh*, 119 F.3d at 811.

The District Court's Local Rule 7.2 governs motions to restrict. D.C.COLO.LCivR 7.2. Because documents filed with the court are presumptively accessible to the public, the party seeking restriction has the burden to justify relief under Local Rule 7.2. *Cf. XY, LLC v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NYM, 2015 WL 7014419, at * 2 (D. Colo. Nov. 15, 2015). In order to restrict public access to documents filed with the court, Local Rule 7.2(c) requires a party to move for restriction with a written motion that: (1) identifies the document for which the restriction is sought; (2) addresses the interest to be protected and why such interest outweighs the presumption of public access; (3) identifies a clearly defined and serious injury that would result if access is not restricted; (4) explains why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identifies the restriction level sought. D.C.COLO.LCivR 7.2(c)(1)-(5).

Moudden moved to restrict public access to the Proposed Scheduling Order [#20] and the Scheduling Order [#25], both in their entirety. However, the Motion fails to satisfy the second, third, and fourth requirements of Local Rule 7.2(c). First, the proposed Scheduling Order was filed January 2, 2019, and the Scheduling Order issued January 8, 2019. Moudden waited until July 1, 2019 before moving to restrict these filings, which undercuts a finding that serious injury would result if access is not restricted since he waited six months to seek restriction. Second, while the documents he seeks to restrict contain some information that is potentially sensitive, that information is central to the legal issues in the case, which weighs in favor of maintaining public access for transparency in the proceedings. Third, Moudden did not clearly define what injury would result from continued public access to the two documents other than implying he may experience some embarrassment. *See Richardson v. Gallagher*, No. 10-cv-02097-MSK-CBS, 2012 WL 4359116, at *8 (D. Colo. Sept. 24, 2012) (determining that "embarrassment" is insufficient to qualify as a "clearly defined and serious injury" in favor of restricting public access). Lastly, the Motion does not address why possible alternatives to restriction are insufficient to protect Moudden's interests.

Ultimately, Moudden has not met his burden to show that the Proposed Scheduling Order [#20] and the Scheduling Order [#25] should be restricted from public access. The Motion to Restrict is therefore DENIED.

DATED: February 18, 2020